IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JERRY LEWIS JARRETT                                                         PETITIONER
ADC #112009

V.                              NO. 5:03CV00364 SWW/JWC

LARRY NORRIS, Director,                                                     RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Jerry Lewis Jarrett, formerly an Arkansas Department of Correction inmate,[1] brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #2). Respondent concedes (docket entry #5) that Petitioner is in his custody and has exhausted all nonfutile state remedies, see id. § 2254(a) & (b), but asserts that the petition should be dismissed for other reasons. Petitioner has replied (docket entry #7). For the reasons that follow, the petition should be dismissed.

I.
Background

Following a jury trial in January 1998 in the Circuit Court of Sebastian County, Arkansas, Petitioner was convicted of obtaining a controlled substance by fraud and was

---

[1] The ADC has informed the Court that Petitioner was paroled on December 11, 2005. It is undisputed, however, that he was in ADC custody at the time of filing the habeas petition, which is sufficient to satisfy the custody requirement. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (custody determined at the time of filing the petition); Jones v. Cunningham, 371 U.S. 236, 243 (1963) (paroled prisoner still in custody for habeas purposes).

sentenced, as an habitual offender, to 360 months of imprisonment. (Resp't Ex. 1.)[2] The Arkansas Court of Appeals affirmed. Jarrett v. State, No. CACR 98-1022, 1999 WL 223489 (Ark. Ct. App. Apr. 14, 1999) (Resp't Ex. 2).

Petitioner then filed a pro se petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. (See Pet'r Ex. 2.) The Sebastian County Circuit Court denied his petition on November 8, 1999. On November 17, 1999, he filed a pro se notice of appeal, and, on December 7, 1999, counsel filed a second notice of appeal on his behalf. The record was lodged on March 2, 2000. The Arkansas Supreme Court dismissed his appeal because the record had not been lodged within ninety days of the notice of appeal, as required by the state appellate rules of procedure. Jarrett v. State, No. CR 00-258, 2001 WL 1249663 (Ark. Sup. Ct. Oct.18, 2001) (Resp't Ex. 3). There is no evidence or allegation that Petitioner sought any further relief in state court.

Petitioner now brings this federal habeas petition, advancing the following claims:

    1.    His rights under the Fifth and Sixth Amendments to the United States Constitution were violated;

    2.    His trial counsel was ineffective for failing to file a motion to suppress evidence;

    3.    His right to a speedy trial was violated, and trial counsel was ineffective for failing to move for dismissal on that basis;

    4.    His trial counsel was ineffective for failing to secure the testimony of a key defense witness;

    5.    His trial counsel was ineffective for failing to object to the trial judge's questioning of certain state witnesses; and

---

[2] Respondent's exhibits are attached to docket entry #5; Petitioner's exhibits are attached to docket entry #7.

      6.     His trial counsel was ineffective for failing to object to the sentence imposed as excessive and illegal.

Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the one-year statute of limitations as set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to properly present his claims to the state courts, see Coleman v. Thompson, 501 U.S. 722 (1991).

## II.
## Statute of Limitations

Section 2244(d) provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of ---
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment becomes final for purposes of § 2244(d)(1)(A) upon either (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court, or (2) if certiorari is not sought, the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir.), cert. denied, 540 U.S. 1060 (2003); Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

In the instant case, the Arkansas Court of Appeals affirmed Petitioner's conviction on April 14, 1999. After that date, Petitioner had ninety days, or until July 13, 1999, to file a petition for writ of certiorari with the United States Supreme Court. See Sup. Ct. R. 13.3 (petition must be filed within ninety days after entry of judgment or order sought to be reviewed, not from issuance date of mandate), 30.1 (computation of time). As a result, July 13, 1999, is the date on which Petitioner's judgment of conviction became final.

As stated above, the time during which a properly filed state post-conviction proceeding is pending is not counted toward any period of limitation under § 2244(d)(2). There is no contention that Petitioner's Rule 37 post-conviction petition was not "properly filed,"[3] and the limitations period was tolled until the petition achieved final resolution through the state's post-conviction procedures. Carey v. Saffold, 536 U.S. 214, 219-20 (2002). This includes the period between the trial court's denial of post-conviction relief

---

[3] See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee").

and the timely filing of an appeal from it.   Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005).

The Arkansas Supreme Court affirmed the denial of Petitioner's Rule 37 petition on October 18, 2001.  Assuming Petitioner submitted his habeas petition to prison officials for mailing on the day he signed it, this habeas petition was filed on September 25, 2003, almost two years later and, therefore, outside the one-year limitations period.  See Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

Petitioner says he had no knowledge of the dismissal of his Rule 37 post-conviction appeal until September 2003, when a fellow inmate assisted him in preparing this federal habeas petition.  He says he is illiterate and was never advised that an attorney was preparing his Rule 37 appeal or that the Rule 37 appeal had been denied.

The Court has liberally construed this as an allegation that he was prevented from filing a timely federal habeas petition due to an impediment created by the state which, pursuant to § 2244(d)(1)(B), should delay the running of the statute of limitations until removal of the impediment.  Accepting as true Petitioner's contentions that he did not know he had an attorney and that no one notified him of the appellate post-conviction decision, this did not "prevent" him from filing a timely federal habeas petition.

Habeas petitioners are expected to diligently pursue their own state post-conviction cases, and they are in the best position to monitor their own state court proceedings. Maghee, 410 F.3d at 476-77.  Petitioner filed a pro se notice of appeal in November 1999.

As far as he knew, he was prosecuting his appeal pro se, and there is no evidence or allegation that he ever inquired about the status of his post-conviction appeal until September 2003, almost four years later. Nothing in the record indicates that the state or any state actor made it difficult or impossible for him to either check the status of his state court proceedings or simply file a concurrent federal petition in a timely manner. Section 2244(d)(1)(B) is inapplicable.

Petitioner does not contend that any of § 2244(d)(1)'s other provisions affect the computation of the limitations period, and they do not appear applicable under the facts of this case. The underlying facts for the claims obviously were known to Petitioner in time to file a federal habeas petition, and the constitutional rights at issue are well-established. See Strickland v. Washington, 466 U.S. 668 (1984) (criminal defendant's right to effective assistance of counsel); Barker v. Wingo, 407 U.S. 514 (1972) (right to speedy trial); Kimmelman v. Morrison, 477 U.S. 365 (1986) (counsel's ineffectiveness in failing to seek suppression of evidence obtained in violation of Fourth Amendment); Crane v. Kentucky, 476 U.S. 683 (1986) (Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense").

The one-year provision for federal habeas petitions is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the statutory provisions. Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004). However, equitable tolling of the limitations period affords "an exceedingly narrow window of relief" and is appropriate only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a [federal habeas] petition on time," or "when conduct of the defendant has lulled the prisoner into inaction." Id. It applies "only when some fault on the

part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002). To be entitled to equitable tolling, a petitioner must act with diligence. Id. at 977-78; Maghee, 410 F.3d at 476; see Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814-15 & n.8 (2005) (assuming equitable tolling applies for federal habeas limitations period, petitioner must show that he diligently pursued his rights and that some extraordinary circumstance stood in his way).

Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory exceptions. Jihad v. Hvass, 267 F.3d 803, 806-07 (8th Cir. 2001). Therefore, it is clear that pro se status, lack of legal knowledge or legal resources, attorney error, confusion about or miscalculation of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings, are inadequate to warrant equitable tolling. See, e.g., Maghee, 410 F.3d at 476-77 (no equitable tolling where petitioner misunderstood state post-conviction dismissal notice but failed to undertake any investigation to clear up confusion); Shoemate, 390 F.3d at 598 (petitioner's misunderstanding of state post-conviction procedures); Curtiss, 338 F.3d at 855-56 (petitioner did not check on status of his pending state-court complaint or file timely concurrent federal habeas petition); Cross-Bey v. Gammon, 322 F.3d 1012, 1016 (8th Cir.) (petitioner's lack of understanding of the law), cert. denied, 540 U.S. 971 (2003); Baker v. Norris, 321 F.3d 769, 771-72 (8th Cir. 2003) (state prison's rules limiting inmate access to library, petitioner's ignorance of enactment of statute of limitations and its application to

her, her alleged "actual innocence," or her state court attorney's alleged ineffectiveness), cert. denied, 539 U.S. 918 (2003); Beery v. Ault, 312 F.3d 948, 951-52 (8th Cir. 2002) (inaction of post-conviction counsel); Flanders, 299 F.3d at 977-78 ("actual innocence" claim where petitioner showed no state action or inaction that prevented him from timely discovering the relevant facts through reasonable diligence); Jihad, 267 F.3d at 805-07 (inability to obtain state post-conviction counsel, fact that petitioner wrote letters to trial judge inquiring about procedures for filing for post-conviction relief, and defense counsel's delay in sending petitioner his trial transcript); Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (inter-prison mail delay and reliance on another inmate); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (inmate's illiteracy does not merit equitable tolling of habeas limitations period).

After filing his pro se notice of appeal, Petitioner allowed the ninety-day period for lodging the record to pass, never sought extension of the time for lodging the record, and then failed to check the status of his post-conviction appeal for four years. He has not demonstrated that any action by the state or any state actor made it difficult or impossible for him to ascertain the status of his post-conviction appeal and file a federal habeas petition within the prescribed time periods. Therefore, there were no "extraordinary circumstances beyond [his] control that made it impossible for him to file a timely [federal habeas] petition, and nothing in [the state's] conduct can be said to have lulled [him] into inaction." Cross-Bey, 322 F.3d at 1015-16.

This petition was filed outside the limitations period provided in § 2244(d)(1) and was not extended or tolled under any statutory provision or equitable principles. Therefore, it should be dismissed as untimely.

III.
Procedural Default

Alternatively, Petitioner's claims are procedurally defaulted due to his failure to properly present them to the state courts for review.

"Out of respect for finality, comity, and the orderly administration of justice," a federal habeas court is precluded from substantively considering any issue that a state court has already resolved on an independent and adequate state law ground. Dretke v. Haley, 541 U.S. 386, 388, 392-93 (2004); Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004), cert. denied, 126 S. Ct. 41 (2005). This includes cases in which the state judgment turns on an independent and adequate state procedural ground, such as a state court determination that a claim has been lost because of default. Clemons, 381 F.3d at 750; see Coleman, 501 U.S. at 729- 30, 750. This rule is "nearly absolute." Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002). Where a state procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent of the underlying offense. Dretke, 541 U.S. at 388; Coleman, 501 U.S. at 750; Murray v. Carrier, 477 U.S. 478, 496 (1986).

Failure to properly appeal the denial of a post-conviction petition to the highest state court constitutes a procedural default which precludes federal habeas review. O'Rourke v. Endell, 153 F.3d 560, 566 (8th Cir. 1998). Even assuming that Petitioner raised all of his current claims in his Rule 37 post-conviction petition (which is not clear from the

10

record), the Arkansas Supreme Court was unable to review them on appeal due to his failure to lodge the lower court record in a timely manner.

Under Arkansas law, the record must be tendered to the state appellate court within ninety days of the notice of appeal. Ark. R. App. P.-Crim. 4(a); Ark. R. App. P.-Civ. 5(a). Extensions may be requested from the lower court; however, the motion for extension must be filed before expiration of the ninety-day period, and the period for filing may not be extended more than seven months from entry of the order being appealed. Ark. R. App. P.-Civ. 5(b). When a criminal defendant has failed to perfect an appeal of his criminal conviction or of the denial of post-conviction relief by lodging the record within the time allowed by the state procedural rules, he may file a motion for rule on the clerk pursuant to Ark. Sup. Ct. R. 2-2, attempting to demonstrate a "good reason" why the appeal was not timely perfected. See McDonald v. State, 146 S.W.3d 883, 887-92 (Ark. 2004). If an attorney admits that the record was not timely filed due to an error on his part, a motion for rule on the clerk will be granted. Tarry v. State, 57 S.W.3d 163, 164 (Ark. 2001).

Here, Petitioner filed a pro se notice of appeal, and counsel filed a second notice of appeal shortly thereafter. Petitioner then filed the record within ninety days of counsel's notice of appeal, but not within ninety days of the initial pro se notice of appeal as required by the applicable rules.[4] See Ark. R. App. P.-Civ. 5(a) (record on appeal shall be filed within ninety days "from the filing of the *first* notice of appeal") (emphasis added); see also Smith v. State, 97 S.W.3d 380, 382 (Ark. 2002) (second notice of appeal is of "no consequence" because procedural rules "are clear that the tendering of the record is

---

[4]The pleadings do not indicate whether the record was lodged by Petitioner or by his counsel.

clocked from the date of the filing of the *first* notice of appeal"); Pack v. State, 983 S.W.2d 125, 125 (Ark. 1998) (time for filing record is governed by filing of first notice of appeal, even though public defender filed second notice of appeal on behalf of criminal defendant).

Petitioner thus failed to timely perfect the appeal by docketing the record within the usual time provided by the rules (ninety days), by seeking permission to file it within the extended time (seven months), or by filing a motion for rule on the clerk to lodge the record tardily. In dismissing his post-conviction appeal, the Arkansas Supreme Court stated:

> A petitioner has the right to appeal a ruling on a petition for post-conviction relief. With that right, however, goes the responsibility to file a timely notice of appeal and tender the record here within the time limit set by the rules of procedure. If a petitioner fails to tender the record in a timely fashion, the burden is on the petitioner to make a showing of good cause for the failure to comply with proper procedure. The fact that a petitioner proceeded *pro se* in itself does not constitute good cause for the failure to conform to the prevailing rules of procedure.
>
> Here, appellant filed a *pro se* notice of appeal and failed to ensure that the record was lodged within ninety days of that notice of appeal. There is no indication from the record that appellant sought an extension of time to lodge the record; therefore, we dismiss.

Jarrett, 2001 WL 1249663, at *1 (citations omitted).

The applicable procedural rules are consistently followed by the Arkansas appellate courts. See, e.g. Tarry, 57 S.W.3d at 164 (pro se litigants have responsibility to conform to procedural rules for filing the appellate record, or demonstrate good cause for not doing so); Smith, 97 S.W.3d at 382 (first notice of appeal governs time for filing record); Pack, 983 S.W.2d at 125 (same); Sullivan v. State, 784 S.W.2d 155, 156 (Ark. 1990) (responsibility to timely lodge record belongs to appellant, even if pro se, indigent and incarcerated). Moreover, the Eighth Circuit Court of Appeals has found that the Arkansas procedural rules governing the filing of the appellate record are reasonable and adequate

to bar federal habeas review and that their general application does not violate due process. Lovell v. Norris 198 F.3d 674, 676-79 (8th Cir. 1999).

Petitioner contends that it was counsel's responsibility to make sure the lower court record was lodged within the applicable time period. However, because there is no constitutional entitlement to counsel in state post-conviction proceedings, the denial or ineffectiveness of counsel in connection with such proceedings cannot constitute cause excusing a procedural default. Coleman, 501 U.S. at 752, 757. Furthermore, according to Petitioner, he did not even know he had counsel; therefore, he could not have reasonably relied upon counsel to ensure that his responsibility to tender the record was met. Regardless of Petitioner's efforts to shift the blame elsewhere, he caused his own default by failing to timely perfect his appeal, failing to diligently monitor the status of the appeal, and failing to pursue the remedies that Arkansas law afforded him for lodging the record untimely. See Lovell, 198 F.3d at 677.

Petitioner thus has not established cause to excuse the default of his claims. Because no cause has been shown, the prejudice element need not be addressed. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

Petitioner also states that, before trial, his girlfriend provided his attorney with an affidavit confessing that she was the one who altered the prescriptions at issue, rather than Petitioner. Now, Petitioner contends that, had the girlfriend been called to testify at trial, it is more likely than not that no reasonable juror would have convicted him. Liberally construed, this could be deemed an invocation of the so-called "actual innocence" exception to the cause-prejudice requirement. To pass through the actual innocence gateway and permit federal habeas review of otherwise defaulted claims, a petitioner's

case must be "truly extraordinary." Schlup v. Delo, 513 U.S. 298, 327 (1995). To fit within this narrow exception, a habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him." Id. at 324, 329.

Even if any of a habeas petitioner's claims have merit, "without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Id. at 316; see Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004) (no actual-innocence showing with information that was available at trial, on direct appeal and throughout post-conviction proceedings), cert. denied, 126 S. Ct. 133 (2005); Hall v. Luebbers, 296 F.3d 685, 698 (8th Cir. 2002) (no actual-innocence showing with evidence that was "neither new nor sufficient" under Schlup standard), cert. denied, 538 U.S. 951 (2003); Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001) (evidence is "new" only if it was "not available at trial and could not have been discovered earlier through the exercise of due diligence").

The evidence to which Petitioner refers was available before and during trial, at the time of his direct appeal, and throughout the time for seeking post-conviction review in the state courts. In fact, Petitioner says his girlfriend's affidavit was provided to counsel before trial, (docket entry #2, p.6); his argument in his direct appeal in state court implied that the girlfriend was the one who altered the prescriptions at issue, Jarrett I, supra at *1; and he specifically argued in his state post-conviction petition that the girlfriend had admitted to altering the prescriptions, (Pet'r Ex. 2, pp.4-6, 11). Therefore, the cited evidence is not

"new," and the actual innocence exception to the cause-prejudice requirement is inapplicable.

Petitioner's claims are procedurally barred.

## IV.
## Conclusion

In summary, this 28 U.S.C. § 2254 petition for writ of habeas corpus was filed outside the limitations period provided in 28 U.S.C. § 2244(d), the limitations period was not extended or tolled under any statutory provision or equitable principles, and the petition should, therefore, be dismissed as untimely. As an alternative and independent basis for dismissal, all of Petitioner's claims are procedurally defaulted, and he has failed to establish cause and prejudice, or actual innocence. Therefore, the petition should be dismissed in its entirety, with prejudice.

DATED this 5th day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE